OPINION OF THE COURT
Con. G. Cholakis, J.
The petitioner brings this CPLR article 78 proceeding to review a determination of the respondent which rejected the petitioner’s claim to increased retirement benefits.
There are no factual issues. The petitioner, it appears, retired from public service on May 7,1967 with 23 years of service credit. After receiving retirement benefits, the petitioner reentered public service on July 1, 1968, and pursuant to subdivision a of section 101 of the Retirement and Social Security Law, his retirement allowance ceased. Unfortunately, the petitioner’s new employment was interrupted on November 20,1970, when, because of a lack of appropriated salary funds, the petitioner was furloughed. On February 4, 1971, the petitioner again retired and again received benefits, which at this time included his original benefits plus a small additional pension based upon his additional 1 year, 4 months and 20 days’ service. On March 15, 1981, salary funds were appropriated, the petitioner was rehired, restored to membership in the retirement system, and, again, his retirement allowance payments ceased. He served an additional 10 months when he again retired and again received benefits.
*180 The petitioner claims that his two periods of employment subsequent to the time of his original retirement should be combined so that the period of his membership service will total in excess of 25 years and he will, thereby, receive substantially increased retirement benefits.
Respondent, on the other hand, alleges that petitioner’s 23 years of service and his two subsequent periods of service each establishes separate pension periods (i.e., [1] a pension for 23 years of service; [2] a second pension for 16 months, 20 days of service; and [3] a third pension for 10 months of service) and that they cannot be combined to establish a single pension period (i.e., a single pension for 25 years, 2 months and 20 days of service).
The controlling statute seems to be subdivision a of section 101 of the Retirement and Social Security Law:
“a. If a retired member, receiving a retirement allowance for other than physical disability, returns to active public service * * * and is eligible for membership in the retirement system, he thereupon shall become a member and his retirement allowance shall cease * * * Upon his subsequent retirement he shall:
“1. Be credited with all member service earned by him since he last became a member of the retirement system, and
“2. Receive a retirement allowance which shall consist of:
“(a) * * * and
“(b) The pension * * * which he was receiving immediately prior to his last restoration to membership, plus a pension * * * based upon the member service credit earned by him since he last became a member. Such latter pensions shall be computed as if he were a new member when he last became a member.” (Emphasis supplied.)
This portion of subdivision a of section 101 clearly envisions separate pensions when a member of the retirement system leaves public service, retires, and thereafter returns to public service. Furthermore, when a public servant chooses to retire and reenter public service on more than two occasions, it envisions a corresponding number of pensions.
*181 The same subdivision does, however, provide a situation in which a period of public service can be tacked to, or combined with, a prior period of public service so that a single pension period might be computed when a retired member reenters public service. Said subdivision reads as follows: “Where such member shall have earned at least two years of member service credit after restoration to active service, the total service credit to which he was entitled at the time of his earlier retirement may * * * again be credited to him and upon his subsequent retirement he shall be credited in addition with all member service earned by him subsequent to his last restoration to membership” (emphasis supplied).
The words “such member” refer to a retired member reentering public service. In this court’s opinion, the petitioner lost his right to combine his three periods of public service when he retired during his period of furlough. Had he not done so but had, instead, waited until his recall on March 15, 1981, he would have earned 2 years, 2 months and 20 days of member credit service after his retirement of May 7, 1967, thereby coming within the factual situation which allowed tacking of periods of service performed before and after retirement.
The determination reached by respondent must be affirmed and the petition, accordingly, dismissed. The court’s inquiry in this matter is, in any event, limited. The interpretation given the statute by the respondent is most reasonable and rational and, no matter how unfortunate the result, may not, as a matter of law, be disturbed (Matter of Howard v Wyman, 28 NY2d 434, 438; Pell v Board of Educ., 34 NY2d 222).